NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 19, 2013*
Decided May 6, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 12-2995 | Appeal from the United States District Court for the Central District of Illinois. |
| JAMES H. SMITH, *Plaintiff-Appellant*, | |
| *v.* | No. 10-1224 |
| RONALD SCHAEFER, *et al.*, *Defendants-Appellees*. | James E. Shadid, *Chief Judge*. |

**Order**

James Smith, a prisoner of Illinois, broke his hip after falling on ice while walking across an area exposed to the elements. The fall occurred on December 7, 2009. An x-ray taken the next day revealed the fracture. Smith was taken to a hospital on December 9, and surgery was performed.

Smith contends in this suit under 42 U.S.C. §1983 that several physicians, assistants, and others violated the cruel and unusual punishments clause of the eighth amendment by withholding pain medication before the surgery and delaying needlessly in taking him to the hospital. The district court dismissed most of his claims, against most de-

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

fendants, on screening under 28 U.S.C. §1915A, because the complaint did not allege that particular defendants had done anything worse than negligence or because Smith had failed to exhaust his administrative remedies. But it allowed the suit to proceed against Dr. Ronald Schaefer. The §1915A screening was correct; we therefore limit our discussion to the claim against Schaefer.

Smith contends that Schaefer, who was on duty on December 7, saw him and did not help him—no pain-killing drugs, no x-rays, no progress toward surgery. Schaefer concedes that he was at the prison that day but contends that he did not see Smith until he returned to the prison following surgery. According to Schaefer, all decisions on December 7 and 8 were made by someone else, who prescribed Motrin (600 mg up to three times daily) pending evaluation and, if necessary, surgery. After discovery Schaefer moved for summary judgment, which the district court granted. The court stated that there was no material factual dispute. On the one side were Smith's bare allegations, and on the other were Schaefer's affidavit of non-involvement plus the prison's medical records, which showed that Smith had received pain-control medication and surgery before Schaefer saw Smith as a patient.

The prison's medical records state that personnel at the prison's urgent care unit concluded that Smith's fracture was not especially painful, allowing some delay in surgery, and that, given the amount of pain Smith displayed (the records say that his vital signs were normal, while severe pain would have elevated his respiration, heart rate, and blood pressure), emergency surgery was not called for and 600 mg of Motrin was adequate for pain control. If the records were all we had to go on, Smith would not have a plausible claim under the eighth amendment. But they are not all we have. Smith testified at his deposition that he was in "extreme" pain. We must assume for current purposes that the record, viewed in the light most favorable to Smith (the party opposing summary judgment), would allow a reasonable jury to find that the prison was deliberately indifferent to his serious medical need. See *Farmer v. Brennan*, 511 U.S. 825 (1994).

Schaefer contends, and the district court concluded, that he is entitled to summary judgment even if Smith's care fell below the constitutional minimum. Schaefer contends that he had nothing to do with Smith's care until after the surgery had been performed. The district court concluded that no reasonable jury could find otherwise. Yet Smith testified by deposition that Schaefer treated him on December 7 and that he does not remember receiving any medication. Smith allowed that his pain might have prevented him from understanding what the medical staff was doing; but he added that, if he received any medication, it did not reduce his level of pain. Smith also filed an affidavit asserting that Schaefer was the attending physician and that he had not administered any pain-control medication. (Schaefer contends that this aspect of the affidavit is inconsistent with Smith's deposition; that is not clear to us, since at the deposition Smith said that he did not remember receiving any drugs. "I did not receive drugs" and "I do not remember receiving drugs" are consistent statements.)

Courts, including this one, occasionally have issued opinions asserting that self-serving affidavits and depositions may be discounted. Yet "we long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'" *Berry v. Chicago Transit Authority*, 618 F.3d 688, 691 (7th Cir. 2010); see also *Darchak v. Chicago Board of Education*, 580 F.3d 622, 631 (7th Cir. 2009); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 504–06 (7th Cir. 2004); *Payne v. Pauley*, 337 F.3d 767, 770–73 (7th Cir. 2003).

Schaefer relies on decisions that predate *Payne*, which reconciled inconsistent lines of precedent within the circuit. Schaefer does not cite any opinion more recent than 1998 on this topic. Since 2003 this court's precedents have uniformly rejected the contention that "self-serving" affidavits and testimony may be discounted, when the same evidence from a disinterested witness would prevent summary judgment. The district judge did not cite *Payne* or any of this circuit's other recent opinions on the role that litigants' depositions and affidavits play at summary judgment.

Smith was a witness to his own treatment. He is competent to testify about who treated him, and how. His memory may be faulty, but then so may Schaefer's. This record contains incompatible stories about what happened to Smith on December 7 and 8, and who was responsible for his treatment. Perhaps someone is not telling the truth. But summary judgment cannot be granted when there is a disputed issue of material fact. Questions about who treated Smith, and how, are both material and disputed. The grant of summary judgment was improper.

REVERSED AND REMANDED